# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID E. RIVERA,<br><br>          Plaintiff,<br><br>     v.<br><br>C. J. MILLER, et al.,<br><br>          Defendants. | Case No. 1:14-cv-01312 DLB PC<br><br>ORDER DISMISSING COMPLAINT WITH PREJUDICE |

Plaintiff David E. Rivera ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 22, 2014.[1] He names C. J. Miller, N. Lopez, J. Hill, J. Spoerer, C. Wofford, R. Briggs, and J. A. Zamora as Defendants.

## A.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate on September 2, 2014.

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.    SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at Avenal State Prison where the events giving rise to this action took place.

Plaintiff alleges the following. On September 18, 2013, a cellphone was found in possession of Inmate Castillo. As a result of this confiscation, a Rules Violation Report was issued on October 10, 2013, to approximately 16 inmates including Plaintiff for possession of a cellular phone. On October 12, 2013, Plaintiff was found guilty of possession of a cellular phone and assessed a 90-day

2

loss of credits.

Plaintiff complains that certain time constraints were exceeded, and therefore, the forfeiture of credits was unauthorized. Further, Plaintiff complains that he was not allowed to submit a declaration from Inmate Castillo in his defense which would have exonerated him.

Plaintiff seeks restoration of the 90 day credit loss. He requests that the guilty finding be vacated and a new hearing ordered.

## C. DISCUSSION

"[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-2, 125 S.Ct. 1242, 1248 (2005).

Where, as here, "success in a . . . [section] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." Muhammad v. Close, 540 U.S. 749, 751, 124 S.Ct. 1303, 1304 (2004) (citing to Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994)); Edwards v. Balisok, 520 U.S. 641, 648 (1997) (applying Heck to a prison disciplinary hearing where good-time credits were affected). Because the punishment imposed at the disciplinary hearing affects the duration of Plaintiff's sentence, Plaintiff's due process claim is barred until such time as Plaintiff invalidates the result of the disciplinary hearing. The deficiencies at issue are not curable by amendment. Therefore, the complaint will be dismissed with prejudice.

///
///
///
///
///
///

3

**D.     CONCLUSION AND ORDER**

      Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. Because the nature of the deficiencies are not curable by amendment, Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012), IT IS HEREBY ORDERED that the Complaint is DISMISSED WITH PREJUDICE for failure to state a claim, thus terminating the action.

IT IS SO ORDERED.

    Dated:   **July 17, 2015**                                /s/ *Dennis L. Beck*
                                                              UNITED STATES MAGISTRATE JUDGE