# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID E. RIVERA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MILLER, et al.,<br><br>　　　　　Defendants. | Case No.  1:14-cv-01312-SKO (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REOPEN THE CASE**<br><br>**(Doc. 8)** |

　　　　Plaintiff, David E. Rivera, a state prisoner proceeding *pro se*, filed this civil rights action pursuant to 28 U.S.C. § 1983 on August 22, 2014.  This action was screened and dismissed on July 17, 2015, since the only claim that Plaintiff asserted was barred under *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying *Heck* to a prison disciplinary hearing where good-time credits were affected).  (Doc. 6.)  On October 17, 2016, Plaintiff filed a motion to reopen this action, asserting that he did not receive the order dismissing the case.  (Doc. 8.)  Plaintiff's motion is construed as a motion for relief from judgment under Rule 60 of the Federal Rules of Civil Procedure.[1]

　　　　Rule 60 provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

　　　　(1) mistake, inadvertence, surprise, or excusable neglect;
　　　　(2) newly discovered evidence that, with reasonable diligence, could not

---

[1] The Federal Rules of Civil Procedure will hereinafter be referred to as "Rule *."

1

have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

"A motion under Rule 60(b) must be made within a reasonable time, and for reasons (1), (2), and (3) no more than a year after entry of the judgment or order . . . ." Fed. R. Civ. P. 60(c)(1). Plaintiff's motion, if reviewed for the reasons in subsections (1), (2), or (3), must be denied since it is untimely. Plaintiff asserts no basis to review the motion under subsections (4) or (5) and the Court finds none.

Plaintiff's motion fares no better under subsection (6). Plaintiff asserts he has been housed at Avenal State Prison since the pertinent events occurred, and that he never received the order dismissing this action, closing the case, and causing judgment to be entered because prison personnel incorrectly returned it to the Court. However, even if Plaintiff had received that order and timely sought relief, he fails to provide any basis upon which to find that this action is not barred by *Heck* and *Edwards*. (*See* Doc. 8.)

As noted in the order dismissing the Complaint, since Plaintiff complains of a guilty finding under a Rules Violation Report and seeks restoration of a 90 day credit loss, a finding in his favor would affect the duration of his sentence. Plaintiff's due process claim is, therefore, barred by *Heck* and *Edwards* unless and until Plaintiff invalidates the result of the disciplinary hearing. (Doc. 6, p. 3.) Plaintiff neither contends, nor can it be implied, that the guilty verdict on the Rules Violation Report has been invalidated, expunged, or called into question. Thus, Plaintiff fails to show that relieving him from the dismissal order would be justified under subsection (b)(6) of Rule 60.[2] It appears that any such action would amount to nothing more than a waste of sparse judicial resources.

---

[2] If the underlying guilty finding was invalidated or expunged before Plaintiff initiated this action, he may submit a new motion under Rule 60 accompanied by supporting documentation. Any such motion that does not contain documentation that the guilty finding has been overturned will be summarily denied.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion to reopen the case, filed on October 17, 2016, (Doc. 8), is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **December 13, 2016**                    /s/ *Sheila K. Oberto*
                                                 UNITED STATES MAGISTRATE JUDGE